LAMBACHER, IN RE.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 25673.   Decided July 28, 1961.

*Messrs. Jones, Day, Cockley & Reavis* and *Mr. Henry Kutash,* for Herbert J. Lambacher, Vice-President, The Cleveland Trust Company.

*Mr. A. H. Dudnik* and *Mr. Ellis V. Rippner,* for James Hecht, Janet Altman Hecht.

(Brown, P. J., Donahue and Griffith, JJ., of the Seventh District, sitting by designation in the Eighth District.)

*Per Curiam.* In this original action in this Court for a writ of habeas corpus, the petitioner claims that one, Herbert J. Lambacher, an assistant trust officer of the Cleveland Trust Company, is unlawfully restrained of his liberty by the Sheriff of Cuyahoga County.

Upon the issuance of an alternative writ, the Sheriff filed his return, as required by Section 2725.14, Revised Code, admitting that the petitioner was in his custody by virtue of an order of attachment issued by one, Leo E. Rattay, Special Master Commissioner of the Court of Common Pleas of Cuyahoga County, Ohio.

In compliance with the statute, a copy of the process upon which the petitioner is detained was attached. The process is captioned: "Court of Common Pleas, Cuyahoga County, Ohio, Case No. 718402, *James Hecht, Plaintiff,* v. *Cleveland Trust Co., et al., Defendants.*"

It recites that the deposition of Herbert J. Lambacher, Vice President of the Cleveland Trust Company, was begun as if under cross-examination, as provided by statute; That to certain questions propounded during the taking of the deposition, the witness responded that he refused to answer upon advice of counsel.

The process further details the questions asked, and the refusals on the part of the witness to answer them, and the Master's orders that the questions be answered, and the further order that the witness produce and hand to the Master cer-

tain documents which were claimed to have evidentiary value. It recites that upon the witness's further refusal, the witness was notified that he would be ordered arrested and committed to jail there to be kept in custory until he answers the questions and complies with the requests propounded by counsel for the plaintiff. Order of commitment followed.

Now, before us, is the motion of petitioner for an order quashing the return of the Sheriff and discharging the petitioner. The Sheriff's return, on its face, states facts sufficient to show the authority, and the true and whole cause of restraint.

The return of the writ sets forth a prima facie justification for the detention of the petitioner, and it devolves upon him to prove facts showing his detention to be unlawful. He assumes the burden of proof of showing that the order of commitment is void or invalid. The hearing before the Master is more in the nature of an inquest than that of a judicial trial. Whether the papers were competent admissible evidence was not to be passed on by the Master Commissioner, nor was any consideration of the weight of such evidence, if the papers were to later be determined to be competent.

We find that the commitment was made in pursuance of law by the Master Commissioner, and the return of the Sheriff was sufficient.

Motion to quash the return of the Sheriff and discharge the petitioner overruled. Exceptions.

BROWN, P. J., DONAHUE and GRIFFITH, JJ., concur.